°: JS 44  (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Kathleen Paulson; Lonnie Morris, Neva Smith, Marco Ramirez, Simone Rivers, Ulises Ramirez, Fredi Bloom, Kuo Lew, (see attachment)

## DEFENDANTS

Local No. 856 of International Brotherhood of Teamsters; International Brotherhood of Teamsters; Joe Martinelli, and Does 1 through 50, inclusive

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954
(707) 763-7100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| | | | ☒ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Violations of Labor Management Relations Act, 29 U.S.C. Sections 185, et seq., and 29 U.S.C. Sections 411, 412, et seq.

Brief description of cause:
Breach of Duty of Fair Representation, Breach of Fiduciary Duty; Fraudulent Concealment, etc.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

Paulson v. County of Marin, 3:07-cv-1944 JL

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
6/26/2008

SIGNATURE OF ATTORNEY OF RECORD

## ATTACHMENT TO CIVIL CASE COVERSHEET

KATHLEEN PAULSEN; LONNIE MORRIS; NEVA SMITH; MARCO RAMIREZ;
SIMONE RIVERS; ULISES RAMIREZ; FREDI BLOOM; KUO LEW; CARMEN M.
VANCE; JEFF VIRZI; JESSICA FORT; SELINA JOHNSON; MARY T. MUNDAL;
ALISHA KRUPINSKEY; NUVIA EDITH URIZAR; JEFF WHITE; WARDELL
ANDERSON, PATRICIA BONELI, on behalf themselves, and on behalf of all others
similarly situated,

     Plaintiffs,

v.

LOCAL NO. 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS;
INTERNATIONAL BROTHERHOOD OF TEAMSTERS; JOE MARTINELLI; and
DOES 1 through 50, inclusive,

     Defendants.

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                            Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

FILED

CS JUN 26  PM 3: 31

1  David M. Poore, SBN 192541
   dpoore@kahnbrownlaw.com
2  Scott A. Brown, SBN 177099
   sbrown@kahnbrownlaw.com
3  Deborah K. Wong, SBN 135787
   dwong@kahnbrownlaw.com
4  KAHN BROWN & POORE LLP
   755 Baywood Drive, Suite 185
5  Petaluma, California 94954
   Telephone:    (707) 763-7100
6  Facsimile:     (707) 763-7180

7  Attorneys for Plaintiffs and Proposed Class

8
                    UNITED STATES DISTRICT COURT

9
                  NORTHERN DISTRICT OF CALIFORNIA
10                        CV  08       3109

11                        6018            80  AO EDL

12  KATHLEEN PAULSEN; LONNIE MORRIS;     Case No.
    NEVA SMITH; MARCO RAMIREZ;
13  SIMONE RIVERS; ULISES RAMIREZ;
    FREDI BLOOM; KUO LEW; CARMEN M.      COMPLAINT FOR BREACH OF THE
14  VANCE; JEFF VIRZI; JESSICA FORT;     DUTY OF FAIR REPRESENTATION;
    SELINA JOHNSON; MARY T. MUNDAL;      BREACH OF FIDUCIARY DUTY;
15  ALISHA KRUPINSKEY; NUVIA EDITH       FRAUDULENT CONCEALMENT;
    URIZAR; JEFF WHITE; WARDELL          VIOLATIONS OF THE LABOR
16  ANDERSON, PATRICIA BONELI, on behalf MANAGEMENT RELATIONS ACT, 29
    themselves, and on behalf of all others U.S.C. SECTIONS 185, ET. SEQ.;
17  similarly situated,                  VIOLATIONS OF THE LABOR
                                         MANAGEMENT REPORTING AND
18                                       DISCLOSURE ACT, 29 U.S.C. SECTIONS
                  Plaintiffs,            411, 412, ET. SEQ.
19
20  v.                                   CLASS ACTION

21
    LOCAL NO. 856 OF INTERNATIONAL       JURY TRIAL DEMANDED
22  BROTHERHOOD OF TEAMSTERS;
    INTERNATIONAL BROTHERHOOD OF
23  TEAMSTERS; JOE MARTINELLI; and
    DOES 1 through 50, inclusive,
24
25                Defendants.
26
27
28
                                    -1-

1         Plaintiffs on behalf of themselves and all others similarly-situated complain and allege as

2  follows:

3

4                         **PARTIES, JURISDICTION, AND VENUE**

5      1.     Plaintiff KATHLEEN PAULSEN is, and at all relevant times hereto, has been a

6  resident of the State of California, and was employed and/or a member of the union within this

7  judicial district.

8      2.     Plaintiff LONNIE MORRIS is, and at all relevant times hereto, has been a resident

9  of the State of California, and was employed and/or a member of the union within this judicial

10  district.

11      3.     Plaintiff NEVA SMITH is, and at all relevant times hereto, has been a resident of

12  the State of California, and was employed and/or a member of the union within this judicial

13  district.

14      4.     Plaintiff SIMONE RIVERS is, and at all relevant times hereto, has been a resident

15  of the State of California, and was employed and/or a member of the union within this judicial

16  district.

17      5.     Plaintiff MARCO RAMIREZ is, and at all relevant times hereto, has been a

18  resident of the State of California, and was employed and/or a member of the union within this

19  judicial district.

20      6.     Plaintiff ULISES A. RAMIREZ is, and at all relevant times hereto, has been a

21  resident of the State of California, and was employed and/or a member of the union within this

22  judicial district.

23      7.     Plaintiff FREDI BLOOM is, and at all relevant times hereto, has been a resident of

24  the State of California, and was employed and/or a member of the union within this judicial

25  district.

26      8.     Plaintiff KUO LEW is, and at all relevant times hereto, has been a resident of the

27  State of California, and was employed and/or a member of the union within this judicial district.

28                            -2-

9.     Plaintiff CARMEN M. VANCE is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

10.    Plaintiff JEFF VIRZI is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

11.    Plaintiff JESSICA FORT is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

12.    Plaintiff SELINA JOHNSON is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

13.    Plaintiff MARY T. MUNDAL is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

14.    Plaintiff ALISHA KRUPINSKEY is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

15.    Plaintiff NUVIA EDITH URIZAR is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

16.    Plaintiff JEFF WHITE is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

17.    Plaintiff WARDELL ANDERSON is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

-3-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
*PAULSEN V. LOCAL 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.*

18.     Plaintiff PATRICIA BONELI is, and at all relevant times hereto, has been a resident of the State of California, and was employed and/or a member of the union within this judicial district.

19.     Plaintiffs bring this action individually and on behalf of all others similarly-situated.

20.     Defendant LOCAL NO. 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS ("defendant" or "Teamsters Local 856") is a labor organization which maintains its principal offices and/or place of business in the County of San Mateo, State of California, and has duly authorized officers or agents which represent the plaintiffs within this judicial district.

21.     Defendant INTERNATIONAL BROTHERHOOD OF TEAMSTERS ("defendant" or "Teamsters International Union") is a labor organization which maintains its principal offices and/or place of business in Washington, D.C., in the District of Columbia, and regularly transacts business in this judicial district within the State of California.

22.     Defendant JOE MARTINELLI ("defendant" or "Martinelli") is an individual whose residence is located in the State of California. At all relevant times, defendant Martinelli was a Trustee and Business Agent with Teamsters Local 856, and had primary authority and responsibility to represent plaintiffs as Deputy Probation Officer Members of Local 856 in connection with their employment at the County of Marin.

23.     This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. Sections 185, *et. seq.*, 29 U.S.C. Section 412, 28 U.S.C. Sections 1332(d), 1453(a), the Class Action Fairness Act ("CAFA"), and 28 U.S.C. Section 1331.

24.     This Court has venue over this action pursuant to 28 U.S.C. Section 1391(b) and (c) in that defendant conducted business within the territorial boundaries of this judicial district, the events complained of occurred in this district, defendant is located in this district, and plaintiff and other members of the class reside and work in this district.

25.     This Court has jurisdiction over defendants pursuant to 29 U.S.C. Section 185(c) in that it maintains its principal offices within this judicial district, and its duly authorized

-4-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
*PAULSEN V. LOCAL 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.*

1  officers or agents are engaged in representing or acting for plaintiffs within the San Francisco

2  Division of this judicial district.

3      26.    This Court has jurisdiction over plaintiffs' California state law causes of action in

4  that the state claims are derived from the same common nucleus of operative facts as the federal

5  causes of action.

6      27.    Assignment to the San Francisco Division is proper because a substantial portion

7  of the acts, events, and omissions giving rise to this action occurred in the County of Marin,

8  State of California, which is within the San Francisco Division of this district.

9      28.    Plaintiffs do not know the true names and capacities of defendants sued herein as

10  DOES 1 through 50, and therefore brings suit against these defendants by fictitious names.

11  Plaintiffs will amend their complaint to state the true names and capacities when ascertained.

12  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named

13  Defendants is responsible in some manner for the occurrences and damages alleged herein, and

14  that Plaintiffs' damages as hereinafter set forth were proximately caused by said DOE

15  Defendants.

16      29.    Plaintiffs are informed and believe, and thereby allege that, unless otherwise

17  indicated, each of the defendants herein were at all times relevant hereto, the agents,

18  representatives, servants and employees of the remaining defendants, and were acting at least in

19  part within the course and scope of such relationship, and that the wrongful acts alleged herein

20  were committed by such defendants, and each of them.

21

22  **INTRODUCTION**

23      30.    This case is a class action against the Teamsters International Union and its Local

24  856 for their unconscionable conduct in secretly depriving plaintiffs and proposed class members

25  of over $10 million in overtime pay and benefits over a period of time that expands for more

26  than a decade. In particular, as plaintiffs have recently discovered in the past six months,

27  defendants Teamsters International Union, Teamsters Local 856, and the union leadership

28

-5-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
*PAULSEN V. LOCAL 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.*

1    entered into a secret deal with plaintiffs' employer, the County of Marin, to (1) not negotiate any

2    overtime compensation for plaintiffs and the proposed class despite the fact that defendants

3    knew that plaintiffs were not exempt under the Fair Labor Standards Act ("FLSA"), and were

4    working well in excess of 40 hours per week; (2) actively conceal plaintiffs' rights to overtime

5    compensation with actual knowledge that plaintiffs and the proposed class were entitled to these

6    benefits; (3) fraudulently misrepresent to plaintiffs and the proposed class that they were

7    "professionals" that were exempt from the overtime requirements when defendants unmistakably

8    knew they were not exempt; and (4) encourage the union's officers to consistently lie to its

9    membership during contractual negotiations about the members' statutory rights to overtime

10   compensation under the FLSA.

11       31.    As a result of defendants' fraudulent scheme, hundreds of Deputy Probation

12   Officers (both active and retired) – who have acted as public servants for the majority of their

13   career at below-market pay – have been deprived of a significant amount of statutory overtime

14   pay and benefits spanning back to at least 1995.

15       32.    Moreover, although this fraudulent scheme has now come to light, and plaintiffs

16   have requested that defendants take immediate measures to assist them in seeking their rightful

17   compensation, defendants have ignored plaintiffs' requests for help, and, instead, have placed

18   their own interests above that of their members.  Plaintiffs have no choice but to seek court

19   intervention, and file this action for damages, equitable, and/or injunctive relief.

20

21                                  **THE TEAMSTERS**

22       33.    Defendant Teamsters International Union is one of the largest labor unions in the

23   world.  It has over 1.4 million members worldwide with Locals across North America and

24   California.  According to the Teamsters International Union website, it's membership is broad

25   and far-reaching: "The union represents everyone from A to Z – from airline pilots to

26   zookeepers.  One out of every ten union members is a Teamster."

27

28                                          -6-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
*PAULSEN V. LOCAL 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.*

34.    Defendant Teamsters International Union's operational units are its Local offices. The "local unions and their members are the heart and backbone of the union", but the management and operations of the Teamsters International Union is centralized in its headquarters located in Washington, D.C. In order to become a part of the Teamsters International Union, the Local unions are required, in accordance with the union's Constitution, to "subordinate some of their individual independence in order to obtain services, support, and expertise which none alone could provide but which all could obtain through coordinated action by the International Union."

35.    Moreover, the Teamsters International Union manages and controls virtually all aspects its Locals' operations, including the management and operation of Teamsters Local 856, including but not limited to: (1) administrative functions; (2) contract negotiations; (3) organizing; (4) training and education; (5) advice and assistance in day-to-day operations; (6) dues payments; (7) political action; (8) legal assistance and support; (9) a governing Constitution; and (10) a detailed organizational and department structure with a management hierarchy. In short, defendant Teamsters International Union governs all aspects of its Locals, including Teamsters Local 856, and its decision-making affects all of its members. As such, defendant Teamsters International Union was, and at all times herein is, engaged in a joint venture, common enterprise, and/or unincorporated association with its Locals, including Teamsters Local 856, and there existed an agency relationship between said defendants.

36.    Defendant Teamsters Local 856 was, and at all times herein is, the local office of Teamsters International Union that represented the Deputy Probation Officers, including plaintiffs and the proposed class, in connection with their employment at the County of Marin, Marin County Probation Department.

\\\

\\\

\\\

\\\

-7-

**PLAINTIFFS AND THE PROPOSED CLASS**

37.    Plaintiffs and the proposed class are current, retired, and former Deputy Probation Officers ("DPO") that worked at the Marin County Probation Department, a department within the County of Marin.

38.    During the relevant time period, plaintiffs and the proposed class were members of defendants Teamsters Local 856 and Teamsters International Union. Defendants were the exclusive collective bargaining representative of the DPOs at the County of Marin, and plaintiffs and the proposed class members consistently paid dues and necessary membership payments to the Teamsters.

**FACTUAL ALLEGATIONS**

39.    In or about 1995, defendants Teamsters International Union and Teamsters Local 856 (collectively referred to as "Teamsters" for ease of reference) became the certified collective bargaining representative for the DPOs employed by the County of Marin, including the plaintiffs.

40.    Plaintiffs and the proposed class members agreed to allow the Teamsters to act as their exclusive representative based upon representations that the Teamsters would look out for the members best interests in their dealings with the County of Marin; the Teamsters had the appropriate legal, management, operational, and administrative resources to ensure that plaintiffs and the members would be adequately represented; and the Teamsters would act as the members fiduciary in its dealings with the members and the management of the County of Marin.

41.    In November 1995, after extensive negotiations, the Teamsters and the County of Marin entered into a collective bargaining agreement. Additionally, in 1998, 1999, 2004, and 2007, the Teamsters and the County of Marin reached tentative agreements with respect to collective bargaining agreements that were eventually approved by the membership.

42.    During these periods of time, the Teamsters and the County of Marin entered into a secret agreement regarding the payment of overtime to the DPO members, including the

-8-

1    plaintiffs and the proposed class. Pursuant to this secret deal, the Teamsters agreed not to pursue

2    any overtime pay for the DPOs despite actual knowledge that (1) the DPOs were working well in

3    excess of 40 hours per work week, and (2) the DPOs were facially not exempt from the overtime

4    requirements under the FLSA, Department of Labor authority, and Ninth Circuit Court of

5    Appeals case law. In exchange for secretly depriving its membership of their statutory rights to

6    overtime pay, the Teamsters sought to obtain bargaining advantages from the County of Marin.

7    43.    Defendants' scheme to defraud included but was not limited to the following: The

8    Teamsters secretly agreed to classify the DPOs, including the plaintiffs and the proposed class,

9    as "Professionals" that were entitled to "Professional Hours." Under the "Professional Hours"

10   scheme, defendants falsely informed plaintiffs and the proposed class members for over a decade

11   that they were not entitled to any overtime benefits because they were "Professionals" that were

12   required to work more than 40 hours per week without any overtime pay, and that the

13   "Professional Hours" work was a flexible work schedule that would actually benefit the DPOs.

14   When plaintiffs would ask defendants about the use of "Professional Hours", defendants would

15   act with hostility, and state words to the effect of "don't you consider yourself a 'professional' at

16   work" and/or "you have Professional Hours' because you are 'professionals' that are not entitled

17   to any overtime.

18   44.    Under the practice and/or scheme of "Professional Hours," the County of Marin

19   and defendants required the DPOs and other similarly-situated non-exempt employees to work a

20   significant amount of overtime on a weekly basis under the directive that "successful

21   performance is not directly related to time worked, but rather to results achieved." As a result,

22   plaintiffs and other similarly situated employees were required to work overtime to achieve the

23   "results" regardless of the "assumed 40-hour week."

24   45.    In addition to falsely representing to plaintiffs and the proposed class members

25   that they were not entitled to any overtime because of their "Professional Hours" status,

26   defendants' engaged in a pattern, practice, and/or scheme over several years to fraudulently

27   conceal the membership's true non-exempt overtime status. In particular, on more than two

28

-9-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
*PAULSEN V. LOCAL 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.*

1    occasions over the past ten years, defendants, including defendant Martinelli, advised its union

2    leadership and/or business agents to actively ignore and/or obstruct plaintiffs' right to statutory

3    overtime benefits, including making overt attempts during contractual negotiations to instruct

4    and/or coerce the union leadership into abandoning any discussions of overtime compensation.

5    Defendants committed these acts in furtherance of the illegal agreement with the County of

6    Marin to deprive the DPOs of their overtime benefits.

7        46.    The false representations and concealment of material facts regarding the overtime

8    compensation occurred during contract negotiation, contract administration, and on several

9    occasions outside the collective bargaining process.

10       47.    Plaintiffs and the proposed class relied upon defendants' representations regarding

11   the use of "Professional Hours" in the workplace, including reliance on defendants' scheme to

12   conceal material facts pertaining to overtime compensation. Plaintiffs and the proposed class

13   members placed their special trust and confidence in the Teamsters to represent their interests,

14   and defendants accepted such trust and confidence. Despite this special trust and confidence,

15   defendants concealed, and continued to conceal, plaintiffs' entitlement to overtime compensation

16   from 1995 to the present, and, instead, made consistent misrepresentations regarding the DPO

17   membership's entitlement to overtime compensation.

18       48.    As a direct and proximate result of defendants' illegal activity, plaintiffs and the

19   proposed class members have been secretly deprived of money and property, including overtime

20   compensation for a period of over ten years.

21       49.    Moreover, plaintiffs and the proposed class members would not have (1) voted to

22   approve the collective bargaining agreements, or (2) allowed the Teamsters to continue to

23   represent them as a bargaining unit, had defendants disclosed the truth of the concealed and/or

24   misrepresented facts, including the defendants scheme or artifice to defraud.

25       50.    On or about November 6, 2006, the County of Marin and its "Labor Management

26   Consultant" held a meeting with the Teamsters, defendant Martinelli, and a group of Probation

27   Department employees, including plaintiffs and the proposed class members.  At the meeting,

28

-10-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
*PAULSEN V. LOCAL 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.*

1    the County of Marin announced to the group that it may have been "out of compliance" with
2    respect to the payment of overtime under the FLSA for its probation officer employees.

3        51.    During that meeting, the County of Marin and the defendants advised plaintiffs
4    and the proposed class that they still considered the DPOs to be "exempt" under the overtime
5    laws, but when the membership asked for an explanation as to this "exempt" status, defendants
6    provided no answer. Instead, the County of Marin advised plaintiffs that they should discuss this
7    matter with their "union" if they had any questions.

8        52.    At the conclusion of this meeting, plaintiffs discussed this matter with their union.
9    Plaintiffs asked defendant Martinelli if he knew anything about this matter, and whether they
10   should take any action. Defendant Martinelli misrepresented to plaintiffs that defendants did not
11   know anything about this overtime issue, but that the Teamsters would conduct an immediate
12   investigation, and take appropriate action to grieve the process. Defendant Martinelli further
13   failed to disclose the Teamsters' fraudulent scheme to plaintiffs. Plaintiffs and the proposed
14   class reasonably relied upon these representations, and reasonably believed that the Teamsters
15   would take appropriate measures to investigate, assist, and grieve the complaint(s).

16       53.    Instead of taking the promised action, defendants did nothing to assist plaintiffs
17   and the proposed class members. Instead, plaintiffs are informed and believe that the defendants
18   took all measures to cover-up and conceal its own misconduct from the plaintiffs with the hope
19   that the statute of limitations would simply expire on the claims.

20

21                              **STATUTE OF LIMITATIONS**

22       54.    Within the past six months, plaintiffs discovered the true nature and extent of
23   defendants' fraudulent scheme, including defendants' concealment of its actions to deprive
24   plaintiffs of their statutory overtime compensation.

25       55.    Moreover, any statute of limitations that may be applicable to the causes of action
26   in this complaint has been (1) tolled as a result of defendants' fraudulent concealment and/or
27   representations that induced plaintiffs not to seek overtime compensation at an earlier date,

28                                      -11-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
*PAULSEN V. LOCAL 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.*

1  and/or (2) defendants are equitably estopped from asserting any statute of limitation defense as a

2  result of their false representations and/or concealment of material facts in which plaintiffs

3  reasonably relied.

4

5  ## CLASS ACTION ALLEGATIONS

6  56.    Defendants' unlawful conduct has been widespread and repeated throughout this

7  judicial district. Defendants knew or should have known that their scheme to defraud was

8  unlawful and unfair.

9  57.    Plaintiffs bring these class action allegations pursuant to Federal Rule of Civil

10  Procedure 23. The proposed Class that plaintiffs seek to represent is defined as follows:

11  All current, retired, and former County of Marin Deputy Probation Officer
   employees who were members of the Teamsters and formerly paid on
12  "professional hours" program, whose job classifications have been converted to
   being paid overtime compensation for overtime hours worked.
13

14  58.    Plaintiffs bring these claims on behalf of the members of the Class, who have not

15  been fully compensated for all work performed in excess of forty hours in a week and eight

16  hours in a day as a result of defendants' fraudulent scheme, including the payment of overtime,

17  thus constituting a deprivation of plaintiffs' property and money.

18  59.    This action has been brought and may properly be maintained as a class action

19  under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest

20  in the litigation and the proposed class is easily ascertainable:

21          a.    Numerosity: The potential members of the Class as defined are so

22  numerous that joinder of all the members of the Class is impracticable.

23          b.    Commonality: There are questions of law and fact common to plaintiff and

24  the Class that predominate over any questions affecting only individual members of the

25  Class. These common questions of law and fact include, without limitation:

26                i.    Whether defendants' engaged in a fraudulent scheme and/or artifice

27  to defraud plaintiffs' of their FLSA statutory entitlement to overtime compensation

28
-12-

by entering into a secret agreement entitled "Professional Hours" with plaintiffs' employer;

ii.   Whether defendants have engaged in a fraudulent scheme towards plaintiffs by concealing their rights to overtime compensation;

iii.   Whether defendants breached their duty of fair representation by bargaining away plaintiffs' statutory rights to overtime compensation without any disclosure, explanation, participation by the membership, or vote;

iv.   Whether defendants breached their duty of fair representation in depriving plaintiffs' of overtime compensation through the use of arbitrary, discriminatory, or bad faith conduct;

v.   Whether defendants engaged in false representations regarding overtime compensation and "Professional Hours" in an attempt to induce plaintiffs into entering into collective bargaining agreements from 1995 to the present;

vi.   Whether defendants breached their duties to make honest disclosures to plaintiffs regarding the entitlement to overtime compensation;

vii.   Whether defendants violated the Labor Management Reporting and Disclosure Act during contract negotiations and contract administration relating to plaintiffs' overtime compensation;

viii.   Whether defendants violated their common law duties to plaintiffs, including defendants' fiduciary duties, disclosure obligations, and duty to act reasonably towards plaintiffs, independent and separate of the interpretation of any collective bargaining agreement(s) or contract negotiations, when defendants engaged in a pattern of fraudulent concealment towards plaintiffs regarding their entitlement to overtime compensation;

ix.   Whether defendants violated the federal labor statutes by engaging in a scheme and/or artifice to defraud plaintiffs of money and/or property by illegal

-13-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
PAULSEN V. LOCAL 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.

1    predicate acts, including wire fraud, mail fraud, or other violations of federal law,

2    that occurred at least twice over the past ten years;

3         x.    Whether defendants entered into a secret-deal and/or agreement,

4    without plaintiffs' knowledge or consent, known as "Professional Hours", to not

5    negotiate or bargain for any overtime compensation on behalf of the DPOs;

6         xi.   Whether defendants aided and abetted the County of Marin in

7    depriving plaintiffs of statutory overtime compensation in violation of the FLSA;

8         xii.  The proper formula for calculating restitution, damages and

9    penalties owed to plaintiffs and the Class as alleged herein.

10        c.    Typicality:  Plaintiff's claims are typical of the claims of the Class.

11   Defendants' common course of conduct in violation of law as alleged herein has caused

12   plaintiffs and Class members to sustain the same or similar injuries and damages.

13   Plaintiffs' claims are thereby representative of and co-extensive with the claims of the

14   Class.

15        d.    Adequacy of Representation:  Plaintiffs are long-term career DPOs that are

16   members of the Class, do not have any conflicts of interest with other Class members, and

17   will prosecute the case vigorously on behalf of the Class.  Counsel representing plaintiffs

18   are competent and experienced in litigating large class actions, including employment-

19   related class actions and overtime class actions.  Plaintiffs will fairly and adequately

20   represent and protect the interests of the Class members.

21        e.    Superiority of Class Action:  A class action is superior to other available

22   means for the fair and efficient adjudication of this controversy.  Individual joinder of all

23   Class members is not practicable, and questions of law and fact common to the Class

24   predominate over any questions affecting only individual members of the Class.  Each

25   Class Member has been damaged and is entitled to recovery by reason of defendants'

26   illegal policies and/or practices.  Class action treatment will allow those similarly situated

27

28                                        -14-

1    persons to litigate their claims in the manner that is most efficient and economical for the

2    parties and the judicial system.

3    60.    Class certification of the causes of action in the complaint is appropriate pursuant

4    to Fed.R.Civ.P. 23(b)(1) because the prosecution of separate actions by individual Class

5    members would create a risk of inconsistent or varying adjudications which would establish

6    incompatible standards of conduct for defendants, and/or because adjudications with respect to

7    individual Class members would as a practical matter be dispositive of the interests of non-party

8    Class members.

9    61.    In addition, class certification of the causes of action in the complaint is

10   appropriate pursuant to Fed.R.Civ.P. 23(b)(2) because defendants have acted or refused to act on

11   grounds generally applicable to the Class, making appropriate both declaratory and injunctive

12   relief with respect to the Class as a whole.  The members of the Class are entitled to injunctive

13   relief to end defendants' common and uniform practices of depriving the Class of their money

14   and property through the use of a scheme and/or artifice to defraud, including overtime

15   compensation.

16   62.    Class certification of the causes of action in the complaint is also appropriate

17   pursuant to Fed.R.Civ.P. 23(b)(3) because questions of law and fact common to the Class

18   predominate over questions affecting only members of the Class, and because a class action is

19   superior to other available methods for the fair and efficient adjudication of this litigation.

20   63.    Plaintiffs know of no difficulty that would be encountered in the management of

21   this litigation which would preclude its maintenance as a class action.

22   64.    The class is ascertainable, because the names and addresses of the members of the

23   Class are available from the Teamsters.

24   65.    Plaintiffs bring each cause of action below as a class action claim.

25   \\\

26   \\\

27

28
                                            -15-

1

**FIRST CAUSE OF ACTION**

2

(Breach of the Duty of Fair Representation - Violations of 29 U.S.C. Sections 185, et. seq. and

3

Common Law Duty – The Teamsters Defendants and DOES 1-25)

4

66.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 64 of this

5

Complaint as though fully set forth herein

6

67.     Plaintiffs are, and at all relevant times were, members of the Teamsters.

7

68.     As dues-paying members of Teamsters, defendants owed plaintiffs a statutory and

8

common law duty of fair representation, including but not limited to a duty to disclose material

9

facts that could effect the terms and conditions of employment.

10

69.     Between at least 1994 through 2007, defendants knew or should have known that

11

plaintiffs were non-exempt employees that were statutorily entitled to overtime pay under 29

12

U.S.C. Section 207, FLSA, and that the use of "professional hours" was nothing more than a

13

scheme or artifice to defraud plaintiffs of their right to overtime.

14

70.     Between at least 1994 through 2007, defendants engaged in a pattern and practice

15

of breaching the duty of fair representation towards plaintiffs and other proposed class members

16

by (1) wrongfully classifying plaintiffs during all labor negotiations and interactions with

17

plaintiffs and/or the County of Marin as exempt employees that were obligated to work under the

18

scheme "professional hours" without payment for overtime wages; (2) entering into an

19

undisclosed secret agreement with plaintiffs' employer in which plaintiffs were deprived of

20

overtime benefits; (3) failing to disclose to plaintiffs their entitlement to overtime, including

21

providing plaintiffs with a choice in determining entitlement to overtime; (4) wrongfully

22

misleading plaintiffs into believing that they were not entitled to overtime compensation and/or

23

overtime was something they could not negotiate; and (5) engaging in unreasonable conduct as

24

alleged above.

25

71.     Moreover, defendants conspired with the County of Marin to deprive plaintiffs of

26

their statutory rights to overtime compensation, including entering into "professional hours", a

27

scheme or artifice to defraud plaintiffs.

28

-16-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
*PAULSEN V. LOCAL 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.*

1    72.    As a direct and proximate result of defendants' conduct, plaintiffs have suffered
2    damages in an amount according to proof.

3    73.    The acts of defendant as alleged herein, were intentional, outrageous, despicable,
4    oppressive, fraudulent, and done with ill will and intent to injure plaintiffs and to cause plaintiffs
5    mental anguish, anxiety, and distress. The acts of the corporate defendant were further
6    committed by managing agents, officers, or directors of the defendant, or ratified by the
7    defendant at a corporate level. The defendant's acts were done in conscious disregard of the risk
8    of severe emotional harm to plaintiff and with the intent to injure plaintiffs, constituting
9    oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive
10   damages.

11   ## SECOND CAUSE OF ACTION

12   (Breach of Fiduciary Duty (Common Law) – All Defendants and DOES 1-35)

13   74.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 73 of this
14   Complaint as though fully set forth herein

15   75.    As union representatives, defendants owed plaintiffs fiduciary duties and
16   obligations in all dealings, including collective bargaining negotiations and day-to-day
17   operations.

18   76.    In acting above, defendants systematically breached their fiduciary duties and
19   obligations towards plaintiffs.

20   77.    As a direct and proximate result of defendants' conduct, plaintiffs have suffered
21   damages in an amount according to proof.

22   78.    The acts of defendant as alleged herein, were intentional, outrageous, despicable,
23   oppressive, fraudulent, and done with ill will and intent to injure plaintiffs and to cause plaintiffs
24   mental anguish, anxiety, and distress. The acts of the corporate defendant were further
25   committed by managing agents, officers, or directors of the defendant, or ratified by the
26   defendant at a corporate level. The defendant's acts were done in conscious disregard of the risk
27   of severe emotional harm to plaintiff and with the intent to injure plaintiffs, constituting

28

-17-

1    oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive

2    damages.

3    **THIRD CAUSE OF ACTION**

4    (Fraudulent Concealment – All Defendants and DOES 1-40)

5    79.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 78 of this

6    Complaint as though fully set forth herein.

7    80.    From approximately 1994 through the present, defendants were aware that

8    plaintiffs were not "exempt" employees under the FLSA; plaintiffs were working a significant

9    amount of overtime under the guise of "professional hours" without any compensation

10   whatsoever; plaintiffs were entitled to overtime compensation; plaintiffs were entitled to

11   overtime compensation pay and benefits; and the use of "professional hours" was nothing more

12   than a scheme or artifice to defraud plaintiffs of overtime compensation.

13   81.    Despite having actual knowledge of these material facts, defendants intentionally,

14   maliciously, and recklessly concealed these facts from plaintiffs.

15   82.    The above-referenced facts were material. Despite actual knowledge of these

16   facts, defendants concealed these facts from plaintiff, and took active measures to cover-up the

17   existence of plaintiffs' statutory right to overtime pay and benefits. These acts were done

18   intentionally and willfully with the actual intent to deceive plaintiff and conceal the above

19   referenced material facts.

20   83.    Plaintiffs did not know of the concealed facts and relied on defendants'

21   representations that they were looking out for plaintiffs' best interests as their fiduciary

22   representatives. Plaintiffs reasonably relied upon defendants' deception.

23   84.    As a result of the deceptions and concealment of facts, plaintiffs suffered

24   significant damages, including overtime wages and benefits stemming back over ten years, in an

25   amount to be proven at trial.

26   85.    Defendants intended to deceive plaintiff by concealing the aforesaid facts and

27   plaintiff reasonably relied on defendants' deception.

28

-18-

86.     The acts of defendant as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiffs and to cause plaintiffs mental anguish, anxiety, and distress. The acts of the corporate defendant were further committed by managing agents, officers, or directors of the defendant, or ratified by the defendant at a corporate level. The defendant's acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiffs, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

## FOURTH CAUSE OF ACTION

(Violations of the Labor Management Reporting Disclosure Act, 29 U.S.C. Section 411, 412 et. seq. – Defendant Martinelli and DOES 1-50)

87.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 86 of this Complaint as though fully set forth herein.

88.     The Labor Management Reporting Disclosure Act ("LMRDA"), 29 U.S.C. Sections 411, 412, et. seq., provides that defendants owe a statutory duty in providing equal voting and participation rights to members of the Teamsters Union, and fiduciary obligations. The LMRDA further requires defendants to protect plaintiffs' right to bring a civil action.

89.     In acting above, defendant Martinelli and DOES 1-10, who are unknown union officials that represented plaintiffs and the proposed class prior to defendant Martinelli, violated the LMRDA as to plaintiffs and the proposed class when, through the use of the "professional hours" scheme and/or the concealment of the right to overtime pay and benefits, defendants (1) eliminated and/or infringed upon plaintiffs' rights to vote and participate in the bargaining process to obtain overtime compensation, (2) eliminated plaintiffs' right to bring an action against the employer, the County of Marin, prior to 2007 to seek overtime compensation, through its continued fraudulent concealment and/or misrepresentations, and (3) breached their fiduciary obligations as set forth above.

-19-

1    90.    As a direct and proximate result of defendants' conduct, plaintiffs have suffered

2    damages in an amount according to proof.

3                                    **PRAYER FOR RELIEF**

4        WHEREFORE, plaintiffs and the proposed class pray for relief as follows:

5        1. For special damages in an amount according to proof;

6        2. For general damages for emotional distress, mental suffering and physical injury in an

7    amount according to proof;

8        3. For consequential damages legally caused by Defendants' conduct in an amount

9    according to proof;

10       4. For equitable relief, including restitution of monies;

11       5. For exemplary and punitive damages, and civil penalties;

12       6. For attorneys' fees and costs of suit herein incurred;

13       7. For prejudgment interest;

14       8. For an order certifying this action as a class action on behalf of the Civil Rights

15   violations subclass under Fed.R.Civ.P. 23, as alleged herein, appointing plaintiff as Class

16   Representative, and plaintiff's attorneys as Class Counsel;

17       9. For preliminary, permanent and mandatory injunctive relief prohibiting defendant, its

18   officers, agents and all those acting in concert with Defendant, from committing in the future

19   those violations of law herein alleged;

20       10. For an equitable accounting to identify, locate and restore to all current and former

21   employees the wages they are due, with interest thereon; and,

22       11. For such other and further relief as this Court deems just and proper.

23       12. **PLAINTIFFS AND CLASS MEMBERS DEMAND A TRIAL BY JURY**.

24   Dated: June 26, 2008                    KAHN BROWN & POORE LLP

25

26                                           By: _____

27                                               David M. Poore
                                                 Attorneys for Plaintiffs
28
                                                 -20-